IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| TENISHA JIGGETS,<br><br>      Plaintiff,<br><br>  v.<br><br>FOREVER 21, *et al.*,<br><br>      Defendants. | Action No. 08-1473—AW |

## MEMORANDUM OPINION

Pending before the Court is Defendant IPC International Corporation's Motion to Dismiss (Doc. No. 109) and Forever 21's Motion for Summary Judgment (Doc. No. 21). The parties have fully briefed the pending motions, and the Court deems that no hearing is necessary. For the reasons stated herein, Defendant IPC International Corporation's Motion to Dismiss is **GRANTED** and Defendant Forever 21's Motion for Summary Judgment is **GRANTED-in-PART and DENIED-in-PART**.

  **I.**  **Factual and Procedural Background**

Tenisha Jiggets brings this action on behalf of her minor child, against Defendants Forever 21, Inc., Charles Mall Company Limited Partnership, Defendant Deputy Christopher Long, and IPC International. This case stems out of a series of events that transpired on August 28, 2007 at the St. Charles Town Center Mall in Waldorf, Maryland. Plaintiff alleges that after paying for her purchases at the Forever 21 store at the mall, she exited the store and was approached by an employee of the store, the store's assistant manager, and a female security officer (an IPC security officer). The employee accused Plaintiff of tearing security tags off of Forever 21 merchandise and stealing items from the store. Jiggets alleges that she was

immediately stopped and searched by mall security and Forever 21 personnel after exiting the store, and no stolen merchandise was found on her person at this time or any time thereafter.

According to Plaintiff's Second Amended Complaint, she was allowed to leave after she proved that she did not have any merchandise on her, and she proceeded to walk through the mall. Plaintiff avers that the female security officer that originally stopped her, along with a male officer, Officer Rodriguez, began following her through the mall. According to Plaintiff, Rodriguez told her, "We have to keep an eye on y'all. . . . We already called the police and y'all going to jail tonight." (Doc. No. 85, at 5).

A brief time after leaving the Forever 21 store, Plaintiff avers that Defendant Long confronted her and shouted in the center of the mall's food court, "You need to drop your pants right now!" *Id.* Plaintiff represents that she "refused to pull her pants down in public and in the full view of mall patrons at which time Long and mall security officers forcefully grabbed her then escorted her to a private room against her will." *Id.* In this room, the officers purportedly continued to question Plaintiff about the allegedly stolen clothing from Forever 21.

Plaintiff alleges that when she was in the private room, she refused to answer any further questions about the clothing until her parents arrived at the mall. Defendant Long and IPC Security Officer, Eustanos allegedly "threw Plaintiff against the wall" when she refused to answer any further questions. *Id.* Plaintiff states that Officer Longer slammed her onto the floor causing her face and right shoulder to hit the floor. The reason for her arrest, Plaintiff avers, was based on the allegation from Forever 21's assistant manager that Plaintiff had removed tags from clothing items, had damaged these items, and had not paid for them. Plaintiff avers that no stolen items were ever found on Plaintiff, and therefore, she was illegally stopped, arrested, and imprisoned.

In an order dated February 19, 2010, the Court granted Plaintiff leave to file a Second Amended Complaint. (Doc. No. 84). Plaintiff filed a Second Amended Complaint on March 3, 2010 (Doc. No. 85), in which she properly named Defendant Charles Mall Limited Partnership as a party and added Defendant IPC International Corporation as a party.

Defendant IPC filed a Motion to Dismiss the Second Amended Complaint on November 11, 2010, alleging that Plaintiff failed to properly serve Defendant IPC. Defendant Forever 21 has filed a Motion for Summary Judgment, with respect to Counts IV (False Imprisonment) and IX (Negligent Training and Supervision) of the Second Amended Complaint. The Court will address these motions herein.

### I. Standard of Review

#### a. Motion to Dismiss For Failure to Serve Process

Federal Rule of Civil Procedure 12(b)(5) allows a defendant to move for dismissal when the plaintiff has failed to properly effectuate service of process upon it. "Once service has been contested, the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4." *O'meara v. Waters*, 464 F. Supp.2d 474, 476 (D. Md. 2006). "Generally, when service of process gives the defendant actual notice of the pending action, the courts may construe Rule 4 liberally to effectuate service and uphold the jurisdiction of the court. When there is actual notice, failure to strictly comply with Rule 4 may not invalidate the service of process; however, plain requirements for the means of effecting service of process may not be ignored." *Id.* (internal citations omitted).

#### b. Motion for Summary Judgment

Summary judgment is only appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact

and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). The Court must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded to particular evidence." *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). To defeat a motion for summary judgment, the nonmoving party must come forward with affidavits or other similar evidence to show that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). While the evidence of the nonmoving party is to be believed and all justifiable inferences drawn in his or her favor, a party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences. *See Deans v. CSX Transp., Inc.,* 152 F.3d 326, 330-31 (4th Cir. 1998). Additionally, hearsay statements or conclusory statements with no evidentiary basis cannot support or defeat a motion for summary judgment. *See Greensboro Prof'l Fire Fighters Ass'n, Local 3157 v. City of Greensboro*, 64 F.3d 962, 967 (4th Cir. 1995).

**II. ANALYSIS**

**A. Defendant IPC's Motion to Dismiss**

Defendant IPC contends that the plaintiff failed to serve IPC after the Court granted Plaintiff leave to add IPC as a party on February 18, 2010. (Doc. No. 109-1, at 3). The docket reflects that Plaintiff filed her Second Amended Complaint against IPC on March 3, 2010 (Doc. No. 85). Accordingly, Defendant IPC contends that Plaintiff was required to serve them by July 1, 2010, within 120 days of filing the Second Amended Complaint. Plaintiff has not yet served defendant IPC.[1]

> Pursuant to Federal Rule of Civil Procedure 4(m),

---

[1] Neither party disputes the fact that a summons and complaint were not served upon Defendant IPC.

> [i]f a defendant is not served within 120 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

IPC argues that more than 120 days have passed since plaintiff filed her Second Amended Complaint naming IPC as a party to this litigation, and IPC has not yet been served. Therefore, they move for dismissal on this ground.

Plaintiff responds to the instant motion by asserting that when the Court granted her leave to file a Second Amended Complaint against Defendant Long, Plaintiff concentrated her efforts on serving Defendant Long, and ultimately served this defendant (Doc. No. 114, at 1). Plaintiff points out that Defendant IPC and Charles Mall Company Limited Partnership are represented by the same attorneys and the same law firm. *Id.* Because the same attorneys represented both IPC and Charles Mall Company Limited Partnership (an existing defendant in the case), Plaintiff maintains that she "deemed the filing of the Second Amended Complaint and the adding of IPC as a party defendant effective service, given that its attorneys were presently of record in the case." *Id.*

The Court finds Plaintiffs' argument unavailing. The filing of the second amended complaint did not constitute proper service of process upon Defendant IPC, solely on the basis that Defendant Charles Mall Company Limited Partnership, whose attorneys also represent IPC, was already a party to this case. As a preliminary matter, Federal Rule of Civil Procedure 4 (c) mandates that to properly effectuate service of process upon a defendant, "a summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and the complaint served within the time allowed by 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c).

Nowhere in the pleadings does Plaintiff contend that she served both a summons and a complaint against Defendant IPC in order to properly effectuate service, and in fact, Plaintiff concedes that service has not been effectuated. *See id.* at 2 ("Notably, the non-service of the Second Amended Complaint upon Defendant IPC is not prejudicial."). However, Plaintiff asserts that there is good cause for her failure to serve IPC, as the Plaintiff alleges that she concentrated her efforts on serving Defendant Long. *Id.* While the Court understands that Plaintiff "concentrated her efforts to effectuate service on Defendant Long," the Court cannot excuse Plaintiff's noncompliance with the Federal Rules of Civil Procedure because of Plaintiff's decision to expend her time and resources serving one defendant. *Id.* at 1. As Plaintiff filed her Second Complaint, naming IPC as a party on March 3, 2010, Defendant IPC was required to be served by July 1, 2010. The Court acknowledges Plaintiff's argument that she can serve IPC within five days of the entry of this Court's order, but the Court does not believe that sufficient cause has been presented to offset noncompliance with the requirements of service. In conclusion, the Court finds that Plaintiff has not shown good cause for his failure to serve IPC, and the Court will **GRANT** Defendant IPC's Motion to Dismiss and terminate Defendant IPC as a party to this litigation.

## B.  Defendant Forever 21's Motion for Summary Judgment

Defendant Forever 21 moves for Summary Judgment as to Counts IV (False Imprisonment) and IX (Negligent Training and Supervision) of Plaintiff's Second Amended Complaint.

### 1. Count IX—Negligent Supervision and Training

Forever 21 asserts that because Plaintiff did not designate any expert witnesses with respect to Count IX (Negligent Training and Supervision), they are entitled to summary

judgment as to this count. According to defendant, "the existence of a nationally recognized standard of care applicable to the training and supervision of employees of a retail outlet in dealing with customers, vandals, shoplifters, criminals, and other persons and issues relating to security, safety, and crime is clearly beyond the knowledge and understanding of lay jurors . . . ." (Doc. No. 121, at 10). Forever 21 claims that Plaintiff has failed to file any Rule 26(a)(2) disclosures by the August 24, 2009 deadline outlined in the Court's Scheduling Order. As such, Forever 21 argues that Plaintiff cannot prove that they breached any relevant standard of care regarding the requisite level of training and supervision that Forever 21 was required to provide to its employees.

To support their argument, Forever 21 directs the Court to *Jones v. Godfrey*, a case in which the court granted summary judgment to defendant on plaintiff's negligence claim because Plaintiff's expert establishing the applicable standard of care had been stricken. No. 04cv3379, 2008 WL 1701088 (D. Md. Mar. 3, 2008). In *Jones*, after the plaintiff was severely injured on the premises of an apartment complex, the plaintiff brought a negligence claim against the landlords of the complex for failing to provide proper security. *Id.* The defendant moved for summary judgment on the grounds that the plaintiff had not presented evidence concerning the applicable standard of care for a landlord's security from third party intentional torts. *Id.* Accepting the defendant's argument, the court held that "[the plaintiff's] claims relate[d] to the adequacy of security at the apartment complex, including the detection and tracking of crimes on the premises, criteria for barring particular persons from the premises, and proper measures for effecting such bans. Such matters are beyond the scope of the average layperson's knowledge and, therefore, require Jones to offer expert testimony." *Id.* at *13.

As the court noted in *Jones,* "[i]t is well established under Maryland law that expert testimony is required 'when the subject of the inference is so particularly related to some science or profession that it is beyond the ken of the average layman.'" *Id.* (citing *Virgil v. "Kash 'N' Karry" Service Corp.*, 484 A.2d 652, 656 (Md. App. 1984).

Plaintiff disputes that the job duties of Forever 21 employees are beyond the comprehension of the average laymen, thus requiring expert testimony. Thus, Plaintiff alleges that this case involves matters of common knowledge, for which expert testimony is not required.

The Court recognizes that the District of Columbia requires expert testimony to establish the requisite standard of care for a negligent hiring, training, and supervision claim against security personnel. *See Farooq ex rel. Estate of Farooq v. MDRB Corp.*, 498 F. Supp. 284, 287 (D.D.C. 2007); *see also Parker v. Grand Hyatt Hotel*, 124 F.Supp. 2d 79, 89 (D.D.C. 2000). However, the Court is not aware of any similar precedent in this district. Unlike in *Jones* and the District of Columbia cases requiring expert testimony to establish the standard of care for security personnel, the negligent supervision claim against Forever 21 does not involve security personnel, only Forever 21 employees. The Court believes that the applicable standard of care for Forever 21 employees is not beyond the comprehension of laymen, and accordingly, the Court declines to grant Defendant's Motion for Summary Judgment as to Count IX for negligent supervision and training on the basis that Plaintiff failed to designate an expert to testify as to the requisite standard of care for Forever 21 employees. The Court will now proceed to address Count IV.

### 2. Count IV—False Imprisonment

Forever 21 argues that the Maryland Code, Courts and Judicial Proceedings Article §2-402 grants immunity to shopkeepers against claims such as false arrest, and therefore, Forever 21 should be immune from Plaintiff's false imprisonment claim because they qualify for the shopkeeper's privilege. Defendant correctly cites *Silvera v. Home Depot U.S.A.*, for the proposition that "[a] retail merchant with probable cause, however, has a complete defense to false imprisonment." 189 F.Supp.2d 304, 310 (D.Md. 2002) (citing MD. CODE ANN., Cts. & Jud. Proc. § 5-402).

According to Forever 21, the existence of probable cause in this case is a question for the Court and not for the jury. (Doc. No. 121, at 14). The Court recognizes that if the facts regarding probable cause are undisputed, then the question of probable cause is one of law for the court. *See Gladding Chevrolet, Inc. v. Fowler,* 264 Md. 499 (1972). However, the facts in this case regarding the existence of probable cause are highly disputed, and the Court believes that this issue should go before a jury.

Forever 21 argues that Plaintiff does not dispute that "Forever 21 had in its possession, at the time of the detention, the account of four eye-witnesses who believed that she did commit [shoplifting] . . . ." (Doc. No. 121, at 17). According to Defendant, Forever 21 obtained statements of several witnesses about Plaintiff's alleged crime of shoplifting before the store detained Plaintiff. Defendant argues that these witnesses' testimony supplied Forever 21 with probable cause to detain Plaintiff, even if the testimony of the witnesses was based on a mistaken belief. *Id.* at 19.

Plaintiff disputes Defendant's factual allegations supporting their argument that probable cause existed to detain S.J. In her response to Defendant's Motion for Summary Judgment, Plaintiff argues that no store employee ever saw sensors and tags falling to the floor, nor were

any sensors left in the dressing room that S.J. used. (Doc. No. 126, at 20). Moreover, Plaintiff claims that she had three pair of jeans when she came out of the dressing room, the same three pairs of jeans that she had carried into the dressing room. *Id.*

With the numerous factual disputes lingering regarding the existence of probable cause, the Court does not deem it appropriate to grant summary judgment to Defendant Forever 21 at this juncture. The Court anticipates that these factual disputes will be illuminated during trial, and should cogent facts remain in dispute, the jury will be the proper body to determine whether Forever 21 had probable cause to detain the Plaintiff. Accordingly, Summary Judgment is **DENIED** to Forever 21 on this issue.

### 3. Punitive Damages

Defendant Forever 21 moves for Summary Judgment on Plaintiff's request for punitive damages. As the court notes in *Okwa v. Harper*, 360 Md. 161, 189 (2000) "police officers or an individual may lack probable cause to institute a criminal proceeding because they have acted negligently. An inference of malice, reflecting from a negligent action, rather than one motivated by true-ill will, cannot justify an award of punitive damages." At this juncture, the Court is unwilling to conclude that Defendant Forever 21 acted without malice. While the Court has reservations as to whether a basis for punitive damages exists in this case, at this point, the Court will nevertheless wait until all the facts of this case have been developed at trial. As the facts of this case are further developed during trial, the Court will make a later determination as to whether a sufficient basis for punitive damages warrants jury determination.

### 4. Attorney's Fees and Costs

Defendant Forever 21 alleges that they are entitled to attorney's fees and costs, as the Court has dismissed the counts against Forever 21 which allow for an award of attorney's fees.

Plaintiff does not appear to dispute this fact. As such, the Court will **GRANT** summary judgment to Forever 21 on this issue.

## CONCLUSION

For the reasons stated above, Defendant IPC's Motion to Dismiss is **GRANTED**. Additionally, Defendant Forever 21's Motion for Summary Judgment is **GRANTED-in-PART** and **DENIED-in-PART**, with the result that summary judgment is denied as to Count IX (Negligent Training and Supervision), Count IV(False Arrest), and punitive damages. Summary Judgment is **GRANTED** to Defendant Forever 21 on the issue of Attorney's Fees. An order consistent with this Memorandum Opinion will follow. The Court will proceed to schedule this matter for trial.

Date: July 12, 2011  /s/
Alexander Williams, Jr.
United States District Judge